**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>STANFORD INTERNATIONAL BANK, LTD., *et al.,*<br>Defendants. | Case No. 3:09-CV-0298-N |

**NOTICE OF SETTLEMENT AND BAR ORDER
PROCEEDINGS; OF OUTSTANDING CLAIM DEADLINE;
AND OF PROCEDURES FOR SUBMITTING PROOFS OF CLAIM**

PLEASE TAKE NOTICE that, on the one hand, the Court-appointed Receiver for the Stanford Receivership Estate ("Receiver") and the Official Stanford Investors Committee ("Committee"), and, on the other hand Certain Underwriters at Lloyd's, London,[1] Arch Specialty Insurance Company, and Lexington Insurance Company (collectively, "Underwriters"), have reached an agreement (the "Agreement") to settle all claims asserted or that could have been asserted against Underwriters or the other Underwriters Released Parties.[2]

PLEASE TAKE FURTHER NOTICE that the Receiver has requested that the Court approve the Agreement and enter bar orders permanently enjoining Interested Parties,[3] including Stanford Investors and Claimants, from pursuing claims they may possess, against Underwriters or the other Underwriters Released Parties.

PLEASE TAKE FURTHER NOTICE that the Settlement Amount is Sixty-Five Million US Dollars ($65,000,000.00). The Settlement Amount, less any fees and costs awarded by the

---

[1] Certain Underwriters at Lloyd's, London include Syndicates 2987, 2488, 1084, 1886, 4000, 1183, and 1274.

[2] "Underwriters Released Parties" means Underwriters and each of their respective past, present, and future directors, officers, legal and equitable owners, shareholders, members, managers, principals, employees, associates, representatives, distributees, receivers, agents, attorneys, trustees, general and limited partners, lenders, insurers and reinsurers, names, direct and indirect parents, subsidiaries, affiliates, related entities, divisions, partnerships, corporations, executors, administrators, heirs, beneficiaries, assigns, predecessors, predecessors in interest, successors, and successors in interest, and all persons acting by, through, or under any of them. Underwriters Released Parties specifically includes any of Underwriters' Insureds. Notwithstanding the foregoing, "Underwriters Released Parties" shall not include any Person, other than Underwriters, against whom, as of the Agreement Date, the Receiver or the Committee is asserting a claim or cause of action in any Forum, and also shall not include any Person who becomes employed by, related to, or affiliated with Underwriters after the Agreement Date and whose liability, if any, arises solely out of or derives solely from their actions or omissions before becoming employed by, related to, or affiliated with Underwriters. For clarification, and without limiting the generality of the foregoing sentence, neither "Underwriters" nor "Underwriters Released Parties" shall be construed to include any of the Persons identified on Exhibit A to the Agreement, any of the Persons who are identified in Exhibit B to the Agreement, or any of the Persons who are parties to the proceedings identified in Exhibit B to the Agreement.

[3] "Interested Party" means the Receiver, the Receivership Estate, the Committee, the members of the Committee, the Claimants, the Examiner, the Stanford Investors, and Underwriters' Insureds. "Stanford Investors" means the individuals, entities, and/or customers who, as of February 16, 2009, had funds on deposit at Stanford International Bank, Ltd., or were holding certificates of deposit issued by Stanford International Bank, Ltd.

Court to the attorneys for the Receiver ("Net Settlement Amount"), will be deposited with and distributed by the Receiver pursuant to a Distribution Plan hereafter to be approved by the Court in the Stanford receivership proceeding, *SEC* v. *Stanford Int'l Bank, Ltd., et al.,* (Case No. 3:09-cv-0298-N) (the "SEC Action").

**This matter may affect your rights and you may wish to consult an attorney.**

The material terms of the Agreement are as follows:

a) Underwriters will pay $65 million, which will be deposited with the Receiver as required pursuant to the Agreement;

b) The Receiver and the Committee will fully release Underwriters and the Underwriters Released Parties from Settled Claims,[4] *e.g.* claims arising from or relating to Allen Stanford, the Stanford Entities, or any conduct by Underwriters or Underwriters' Released Parties relating to Allen Stanford or the Stanford Entities;

c) The Agreement requires entry of a Judgment and Bar Order in *Underwriters v. Janvey*, No. 3:09-cv-1736 (N.D. Tex.) and the Third-Party Coverage Actions;[5] and entry of a Bar Order in the SEC Action, each of which permanently enjoins Interested Parties and other Persons, including all Stanford Investors and Claimants, from bringing or continuing any legal proceeding and/or asserting, encouraging, assisting, or prosecuting any cause of action arising from, relating to, or in connection with the Settled Claims or the Insurance Policies against Underwriters or the Underwriters Released Parties, including claims for contribution, breach of contract, bad faith, and statutory violations;

d) Following the entry of the proposed judgments and bar orders, Underwriters will have no further obligations or liability arising under, relating to, or in connection with the

---

[4] Settled Claim" means any action, cause of action, suit, liability, claim, right of action, or demand whatsoever, whether or not currently asserted, known, suspected, existing, or discoverable, and whether based on federal law, state law, foreign law, common law, or otherwise, and whether based on contract, tort, statute, law, equity or otherwise, that a Releasor ever had, now has, or hereafter can, shall, or may have, directly, representatively, derivatively, or in any other capacity, for, upon, arising from, relating to, or by reason of any matter, cause, or thing whatsoever, that, in full or in part, concerns, relates to, arises out of, or is in any manner connected with (i) the Policies; (ii) the Stanford Entities; (iii) any actual or potential claim of coverage under the Policies in connection with the SEC Action, the Receivership, the Indirect Claims, the Direct Claims, the Stanford Investor Claims, or any claim asserted against any of Underwriters' Insureds or any Stanford Defendant or any other Person who has ever had any affiliation with any Stanford Defendant; (iv) any certificate of deposit, CD, depository account, or investment of any type with any one or more of the Stanford Entities; (v) any one or more of the Underwriters' relationship with any one or more of Underwriters' Insureds; (vi) the Coverage Action; (vii) the Third-Party Coverage Actions; (viii) the Indirect Claims; and (ix) all matters that were asserted in, could have been asserted in, or relate to the SEC Action, the Coverage Action, the Indirect Claims, the Coverage Action, the Third-Party Coverage Actions, the Stanford Investor Claims, or any proceeding concerning the Stanford Entities pending or commenced in any Forum. "Settled Claims" specifically includes, without limitation, all claims each Releasor does not know or suspect to exist in his, her, or its favor at the time of release, which, if known by that Person, might have affected their decisions with respect to this Agreement (the "Unknown Claims").

[5] The "Third-Party Coverage Actions" are identified in paragraph 23 of the Agreement and Exhibit J to the Agreement.

      Policies to any of Underwriters' Insureds,[6] Stanford Investors, Claimants, or any other Person;

e) With limited exceptions that are identified in the Agreement, neither the Agreement nor the proposed judgments and bar orders affect the Receiver's or Committee's pursuit of their claims against Underwriters' Insureds, nor do the Agreement or proposed judgments and bar orders affect the pursuit of claims against Underwriters' Insureds by any other person;

f) The Receiver will disseminate notice of the Agreement (*i.e.* this Notice) to Interested Parties, through one or more of the following: mail, email, international delivery, CM/ECF notification, facsimile transmission, and/or publication on the Examiner (www.lpf-law.com/examiner-stanford-financial-group/) and Receiver (http://www.stanfordfinancialreceivership.com) web sites and newspaper publication;

g) The Receiver will develop and submit to the Court for approval a plan for disseminating the Settlement Amount ("Distribution Plan"); and

h) Under the Distribution Plan, once approved, the Net Settlement Amount will be distributed by the Receiver, under the supervision of the Court, to Stanford Investors who have submitted Claims that have been allowed by the Receiver.

    Attorneys for the Receiver seek a fee award not to exceed fourteen million dollars ($14 million), and attorneys for the Committee seek a fee award not to exceed one hundred thousand dollars ($100,000).

    Copies of the Settlement Agreement; the Expedited Request for Entry of Scheduling Order and Motion to Approve Proposed Settlement with Certain Underwriters at Lloyd's of London, Arch Specialty Insurance Company, and Lexington Insurance Company, to Approve the Proposed Notice of Settlement with Certain Underwriters at Lloyd's of London, Arch Specialty Insurance Company, and Lexington Insurance Company, to Enter the Bar Order, to Enter the Final Judgments and Bar Orders, and for the Receiver's Attorneys' Fees (the "Motion"); and other supporting papers may be obtained from the Court's docket in the SEC Action (ECF No. 2324 & 2325), and are also available on the websites of the Receiver (http://www.stanfordfinancialreceivership.com) and the Examiner (www.lpf-law.com/examiner-stanford-financial-group/). Copies of these documents may also be requested by email, by sending the request to stanfordsettlement@ktklattorneys.com; or by telephone, by calling Molly Hogan at 913-951-8610.

---

[6] "Underwriters' Insureds" means any Person who is insured under any of the insurance policies Underwriters issued to the Stanford Entities, including (1) any Persons who were, now are, or shall be directors or officers of any of the Stanford Entities; (2) any Persons who were foreign titled equivalents of directors and officers in U.S. corporations of any of the Stanford Entities; (3) employees of any of the Stanford Entities; (4) the lawful spouse or domestic partner of any director, officer, or employee of any of the Stanford Entities, solely to the extent that such Person is a party to any Claim solely in his or her capacity as spouse or domestic partner; (5) the estates, heirs, legal representatives or assigns of any director, officer, or employee of any of the Stanford Entities; and (6) the Stanford Entities.

The final hearing on the Motion is set for October 28, 2016 (the "Final Approval Hearing"). Any objection to the Agreement, the Motion, the Judgments and Bar Orders, the Final Bar Order, or the request for approval of the Receiver's attorneys' fees must be filed, in writing, with the Court in the SEC Action no later than September 30, 2016. Any objections not filed by this date will be deemed waived and will not be considered by the Court. Those wishing to appear and present objections at the Final Approval Hearing must include a request to appear in their written objections.